TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
BRIDGET K. McNEIL, Assistant Section Chief
DAVIS A. BACKER, Trial Attorney (CO Bar No. 53502)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 514-5243
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov

*Attorneys for Defendants*

*[Additional contact info below]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KETTLE RANGE CONSERVATION GROUP, a nonprofit organization,<br><br>      *Plaintiff,*<br><br>  v.<br><br>JOSHUA WHITE, in his official capacity as Forest Supervisor, Colville National Forest; *et al.*,<br><br>      *Defendants.* | Civil No. 2:23-cv-00147-SAB<br><br>JOINT MOTION TO STAY PROCEEDINGS AND VACATE THE OCTOBER 16, 2023 SCHEDULING CONFERENCE<br><br>October 31, 2023<br>Without Oral Argument |

The Parties jointly move to stay all proceedings in this matter and vacate the October 16, 2023 Scheduling Conference. In support of this motion, the Parties state as follows:

1. This action challenges the Bulldog Project on the Three Rivers Ranger District on the Colville National Forest in eastern Washington. The United States Forest Service ("USFS") analyzed the Bulldog Project in an Environmental Assessment and prepared a Biological Assessment for the Project. The United States Fish and Wildlife Service ("FWS") concurred with the Forest Service's "may affect, not likely to adversely affect" finding for lynx. USFS approved the Bulldog Project in a Decision Notice and Finding of No Significant Impact issued on April 28, 2022.

2. Plaintiff initiated this action on May 12, 2023. ECF No. 1. Plaintiff amended its Complaint on August 23 and Defendants answered on September 13. ECF Nos. 19, 20.

3. In response to this Court's recent decision and order in *Kettle Range Conservation Group v. U.S. Forest Service, et al.*, Case No. 2:21-cv-161-SAB, ECF No. 74, USFS has decided to conduct additional analysis under the National Environmental Policy Act ("NEPA") and prepare a supplemental Environmental Analysis for the Bulldog Project. USFS

currently anticipates the following timeline for completion of the supplemental Environmental Analysis:

    a.  Mid-October 2023: Publish a supplemental draft Environmental Assessment and offer a 30-day scoping and public comment period consistent with 36 C.F.R. § 218.25(a)(i) and 40 C.F.R. § 1500.

    b.  Mid-November 2023: Conclude scoping and 30-day comment period.

    c.  January 2024: If the agency concludes an Environmental Impact Statement is not required, publish the supplemental final Environmental Assessment and draft Finding of No Significant Impact/Decision Notice, starting the 45-day objection period (36 C.F.R. § 218.26(a)).

    d.  April 2024: Issue a Supplemental Final Decision Notice and Finding of No Significant Effect (FONSI) after responding in writing to all pending objections (36 C.F.R. § 218.12(a)).

4.  On May 9, 2023, after additional conversations with FWS, USFS reinitiated consultation under Section 7 of the Endangered Species Act ("ESA") on the Bulldog Project for effects to Canada lynx and grizzly bear to again consider the effects of the Bulldog Mountain fire that burned in the project area in 2021. This consultation is still ongoing, and the Forest is updating the Biological Assessment to incorporate and be consistent with

the information in the supplemental Environmental Assessment. USFS anticipates that consultation will be completed before the Forest issues a Supplemental Final Decision Notice and FONSI. Defendants agree to provide Plaintiff with final copies of the consultation documents within 5 business days after they are finalized or by March 1, 2024, whichever is later.

5. No Project implementation activities will occur until the supplemental Environmental Analysis and consultation with FWS are completed. After the supplemental Environmental Analysis and consultation with FWS are completed, USFS agrees to provide Plaintiff with at least 30-days' notice before any ground-disturbing activity authorized by the Project begins.

6. Plaintiff reserves the right to amend its Complaint after reviewing the supplemental NEPA and new consultation documents. Defendants do not oppose Plaintiff submitting a Second Amended Complaint. The Parties further agree that Defendants' Answer to the First Amended Complaint (ECF No. 20) should be deemed the responsive pleading to Plaintiff's Second Amended Complaint, if one is filed.

7. In light of the foregoing, the Parties jointly move the Court for a stay of proceedings. A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (a court has authority to grant a stay pursuant to its "inherent authority to control its own docket and calendar."); *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (noting court may grant a stay "pending resolution of independent proceedings which bear upon the case" when "it appears likely the other proceedings will be concluded within a reasonable time.").

8. When evaluating a motion to stay, the court weighs the (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources that would be saved by granting the requested stay. *Landis*, 299 U.S. at 248; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

9. All three *Landis* factors favor granting the stay:

    a. There is no potential prejudice because the Parties jointly move to stay proceedings and no Project implementation activities will occur until the supplemental Environmental Analysis and consultation with FWS are completed.

b. The possibility of hardship and inequity also favor granting a stay. Defendants' limited resources are directed towards preparing the supplemental Environmental Assessment and reinitiating consultation. The agencies' administrative records are not yet final because supplemental NEPA analysis and reinitiated consultation are underway. Plaintiff's First Amended Complaint challenges agency actions that will soon be superseded. The Parties wish to conserve their time and resources and not pursue litigation at this time.

c. Judicial economy also favors granting a stay. The Court has not entered a scheduling order and there are no other pending motions. Judicial resources will be conserved if they are directed towards the allegations in Plaintiff's Second Amended Complaint (if any) that challenges the supplemental NEPA analysis and ESA consultation that are anticipated by next spring. Allowing this litigation to proceed now would be largely an academic exercise as the legal landscape (*i.e.*, the operative decision documents and the administrative records underlying those decisions) will soon be changing.

10. The requested stay is not indefinite. USFS currently anticipates completing reinitiated consultation and issuing a Supplemental Final Decision Notice and FONSI sometime in April 2024. By May 24, 2024, the Parties propose

to file a joint status report. The status report will update the court on the status of the supplemental NEPA analysis and ESA consultation and, if appropriate, include a proposed schedule with deadlines to resolve the remaining issues in this case. No ground-disturbing activity authorized by the Project will occur before May 31, 2024.

11. Because the Parties seek to stay this litigation, they also move the Court to vacate the scheduling conference currently set for October 16 and the deadlines contained in the scheduling conference notice. ECF No. 21.

For all these reasons, the Court should stay further proceedings in this action and vacate the October 16 scheduling conference. A proposed order is attached to this motion and will be emailed to chambers.

Dated: September 29, 2023

For Plaintiff

*/s/ Matthew K. Bishop (with permission)*
Andrew M. Hawley (Washington Bar No. 53052)
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7250
hawley@westernlaw.org

Matthew K. Bishop (Montana Bar No. 9968),
admitted PHV

Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
(406) 324-8011
bishop@westernlaw.org

*For Defendants*

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
BRIDGET K. McNEIL, Assistant Section Chief
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section

*/s/ John P. Tustin*
DAVIS A. BACKER,
Trial Attorney, CO Bar No. 53502
JOHN P. TUSTIN,
Senior Attorney, TX Bar No. 24056458
United States Department of Justice
Environment & Natural Resources Division
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 514-5243 (Backer)
Tel: (202) 305-3022 (Tustin)
Fax: (202) 305-0275
Email: davis.backer@usdoj.gov
Email: john.tustin@usdoj.gov