FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KETTLE RANGE CONSERVATION GROUP, a non-profit organization,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSHUA WHITE, in his official capacity as Forest Supervisor, Colville National Forest; RANDY MOORE, in his official capacity as Chief of the U.S. Forest Service; UNITED STATES FOREST SERVICE, a federal agency,<br><br>　　　　Defendants. | No. 2:23-CV-00147-SAB<br><br>**ORDER OF DISMISSAL** |

　　　Before the Court is the parties' Stipulation and Joint Motion for Order for Dismissal with Retained Jurisdiction, ECF No. 48. Plaintiff is represented by Andrew Hawley and Matthew Bishop. Defendants are represented by Davis Backer, Hayley Carpenter, and John Tustin. The motion was considered without oral argument.

　　　Having reached a settlement, the parties request the Court dismiss this matter with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The parties also request the Court enter the Settlement Agreement and retain jurisdiction for enforcement.

**ORDER OF DISMISSAL** ~ 1

The Court grants the Motion and requests.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Stipulation and Joint Motion for Order for Dismissal with Retained Jurisdiction, ECF No. 48, is **GRANTED**.

2. The above-captioned case is **DISMISSED with prejudice**.

3. The Court shall retain jurisdiction in this matter for the sole purpose of overseeing compliance with the terms of the Settlement Agreement and any motions to modify the terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). The Settlement Agreement is entered as follows:

## SETTLEMENT AGREEMENT

Plaintiff Kettle Range Conservation Group and Defendants Joshua White, in his official capacity as Forest Supervisor of the Colville National Forest, the United States Forest Service, and Randy Moore, in his official capacity as Chief of the Forest Service (collectively, "Defendants"), by and through their undersigned representatives, enter into the following Settlement Agreement ("Agreement") for the purpose of resolving *Kettle Range Conservation Group v. White, et al.*, Case No. 2:23-cv-00147-SAB (E.D. WA). The Parties state as follows:

*Whereas*, Plaintiff challenges the Forest Service's May 28, 2024, decision to authorize the Bulldog Project in Washington's Kettle Range mountains in the Colville National Forest;

*Whereas*, Plaintiff filed its second amended complaint on August 2, 2024, alleging that Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332(C); 40 C.F.R. § 1502.16, the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604(i), and Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2);

*Whereas*, Plaintiff seeks as relief, among other things, that the Court "vacate the Forest Service's decision, related [Supplemental Environmental Assessment]

**ORDER OF DISMISSAL** ~ 2

and biological assessment, and any decisions, actions, permits or contracts implementing the portions of the Bulldog project challenged in this case, as well as the 2020 changes made to the [Lynx Analysis Units]," ECF No. 34 at 71 ¶ C, and remand the matter for "(1) completion of a new NEPA analysis analyzing the direct, indirect, and cumulative effects to lynx, preparation of an EIS, and completion of new, formal Section 7 consultation and the issuance of a biological opinion for the Bulldog project; and (2) completion of a NEPA analysis and Section 7 consultation on changes to the LAUs." ECF No. 34 at 71-72 ¶ D;

*Whereas*, Defendants dispute Plaintiff's allegations and deny that Plaintiff is entitled to the requested relief;

*Whereas*, on August 27, 2024, Defendants decided not to proceed with Project treatments within LAUs at this time (ECF No. 40-1);

*Whereas*, on August 28, 2024, the Parties jointly moved to stay all proceedings and vacate remaining briefing deadlines and the October 18, 2024 hearing to consider Defendants' decision and to explore the potential of settlement discussions (ECF No. 40);

*Whereas*, on August 29, 2024, the Court granted the stay and vacated the remaining briefing deadlines and hearing date (ECF No. 41);

*Whereas* the Court later continued the stay and ordered the Parties to file a status report by November 29, 2024 (ECF No. 43);

*Whereas*, the Parties have engaged in good faith settlement negotiations to avoid the time and expense of further litigation;

*Whereas*, the Parties believe that it is in the interest of the Parties and judicial economy to resolve the claims in this action without additional litigation;

**NOW THEREFORE**, it is agreed to by the Parties as follows:

1. Bulldog Project: Defendants agree to:
   a. Rescind the new (2020) LAU boundaries in the Kettle/Wedge Core Area and return to using the old (1995) LAU boundaries as mapped in

**ORDER OF DISMISSAL** ~ 3

        the 2019 Colville Land Management Plan for core habitat for all projects in the Kettle/Wedge Core Area, including the Bulldog Project, until there is a future decision regarding LAU boundaries for the Core Area;

  b. Modify the Bulldog Project, as described in the Decision Notice and Finding of No Significant Impact for the Bulldog Project Supplemental Environmental Assessment, May 28, 2024, as follows:

    i. Not authorize vegetation management activities in any area covered by the LAUs, both old and new;

    ii. Not authorize vegetation management activities in units 15, 16, 17, 18, and 19 of the Project area, as identified in Exhibit 1 to this Agreement;

    iii. Maintain a canopy cover of greater than 40% in units 140, 141, 145, 146, 147, 156, 160, and 856 of the Project area;

    iv. Include western red cedar (Thuja plicata) as a preferred leave species in units 140, 141, 145, 146, 147, 156, 160, and 856 of the Project area, giving preference to the largest and most vigorous trees.

2. Dismissal of Complaint: The Parties request that the Court enter the accompanying proposed order dismissing this action with prejudice under Federal Rule of Civil Procedure 41(a)(2).

3. Notice: Defendants will provide Plaintiff with documentation of the action taken in accordance with Paragraph 1(a) of this Agreement within fourteen (14) days after the documents are finalized. Any notice, including correspondence, required or made with respect to this agreement, shall be in writing and shall be effective upon receipt. For any matter relating to this agreement, the contact persons are:

**ORDER OF DISMISSAL** ~ 4

For Plaintiff:

Andrew McAleer Hawley
Western Environmental Law Center
119 1st Ave S, Suite 330
Seattle, WA 98104
206-487-7250
hawley@westernlaw.org

Matthew K. Bishop
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
(406) 324-8011
bishop@westernlaw.org

For Defendants:

John P. Tustin
Davis A. Backer
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-3022 (Tustin)
(202) 514-5243 (Backer)
john.tustin@usdoj.gov
davis.backer@usdoj.gov

**ORDER OF DISMISSAL** ~ 5

4.  Dispute Resolution: If either Party believes the other Party to be in breach of this Agreement, such Party must give written notice to the other Party as soon as possible. The other Party shall have 14 days to respond to the claim of breach. If such a response is provided, the Parties shall have 30 days to meet and confer (virtually, telephonically, or in person) regarding the alleged breach, and any potential remedy. The Parties agree to suspend the disputed activity or action(s) at issue in the alleged breach during this meet and confer period. If the Parties are unable to resolve the dispute within that time, then a Party may file a motion to enforce the Order. The Parties agree that neither will seek contempt of court as a remedy for any violation of this Settlement Agreement, and the Parties therefore knowingly waive any right that they might have to seek an order for contempt for any such violation. No Party shall seek action by this Court or any other court regarding the alleged breach until either (a) the expiration of the meet and confer period, or (b) the Parties have reached an impasse during the meet and confer period.

5.  Attorneys' Fees and Costs:
    a.  Subject to Paragraph 5(b) below, the Parties agree to settle Plaintiff's claim to attorney's fees and costs in this litigation for a total payment of $150,000 (one hundred fifty thousand dollars) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq. or any other statute, in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiff may have for the recovery of attorney's fees or litigation costs in this matter.
    b.  Defendants' payment, as identified in Paragraph 5(a) above, shall be accomplished by electronic funds transfer to Western Environmental Law Center's IOLTA account on behalf of Plaintiff. Counsel for Plaintiff will provide counsel for Defendants the appropriate account

**ORDER OF DISMISSAL** ~ 6

number and other information needed to facilitate payment. Defendants will make all reasonable efforts to submit the necessary paperwork for the payment within thirty (30) days after issuance of the Order described in Paragraph 2 above and Plaintiff provides the information necessary to facilitate payment.

    c.    Counsel for Plaintiff shall confirm payment within ten (10) days of receipt. Plaintiff also acknowledges that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiff's delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

    d.    Plaintiff and its attorneys agree to hold harmless Defendants in any litigation, further suit, or claim arising from the payment of the agreed upon $150,000 settlement amount.

6. Modifications of this Agreement: This Agreement may only be modified upon good cause shown by stipulated motion of all Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and as granted by the Court after appropriate briefing. If either Plaintiff or Defendants seek to modify the terms of this Agreement, they will provide written notice of the proposed modification and the reasons for such modification. The Parties will then meet and confer (virtually, telephonically, or in person) at the earliest possible time and seek this Court's approval for modification. If either Party believes that the other Party has failed to comply with any term or condition of this Agreement, it shall use the dispute resolution procedures specified in Paragraph 4 above.

7. Representative Authority: The undersigned representatives of Plaintiff and Defendants certify that they are fully authorized by the Party or Parties whom they represent to enter into the terms and conditions of this

**ORDER OF DISMISSAL** ~ 7

Agreement and to legally bind those Parties to it.

8. Compliance with Other Laws: Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendants obligate or pay funds, or take any other actions in contravention of the AntiDeficiency Act, 31 U.S.C. § 1341, or any other applicable law. Nothing in this Agreement is intended to, or shall be construed to, waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the APA; or to otherwise extend or grant the Court jurisdiction to hear any matter, except as expressly provided in the Agreement.

9. Mutual Drafting and Other Provisions: It is hereby expressly understood and agreed that this Agreement was jointly drafted by Plaintiff and Defendants. Accordingly, the Parties hereby agree that any rule of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Agreement.

10. Sole and Final Agreement: This Agreement contains all the agreements between Plaintiff and Defendants and is intended to be and is the final and sole agreement between them. Plaintiff and Defendants agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Agreement must be made pursuant to Paragraph 6.

11. No Precedential Value: This Agreement is the result of compromise and settlement, and does not constitute an admission or concession, implied or otherwise, by Plaintiff or Defendants to any fact, claim, or defense on any issue in this litigation. This settlement has no precedential value in any

**ORDER OF DISMISSAL** ~ 8

pending or future litigation, representations before any court, administrative action, forum, or any public setting. Defendants do not waive any defenses they may have concerning the claims settled under this Agreement.

12. Continued Jurisdiction: The Court will retain jurisdiction over this matter solely to oversee compliance with the terms of this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Any dispute over compliance with any provision of this Settlement Agreement shall proceed as set forth in Paragraph 4.

13. Force Majeure: The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance. Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Settlement Agreement. A Party is entitled to delay or forego actions under this Settlement Agreement due to events beyond their control, but force majeure shall not continue beyond the circumstances and conditions that prevent timely performance, and shall not apply if alternative means of compliance are available. The Party claiming force majeure shall have the burden of proof in proceedings to enforce or modify the Settlement Agreement.

14. Waiver and Release: This Agreement constitutes the complete and final resolution of all legal, equitable, and administrative claims arising out of the Decision Notices, Findings of No Significant Impact, and approval of the Bulldog Project. In acknowledgement of and in exchange for the promises and other consideration contained in this Agreement and the payment by Defendants to Plaintiff referenced in Paragraph 5 above, Plaintiff and its respective affiliates, successors, and assigns hereby unconditionally and irrevocably release, waive, covenant not to sue, and forever discharge

**ORDER OF DISMISSAL** ~ 9

Defendants (including its past, present, and future officers, agents, and affiliates) from any and all claims, causes of action, allegations, demands, suits, judgments, liabilities, fees, interests, or obligations, whether known or unknown, foreseen or unforeseen, disclosed or undisclosed, presently asserted or otherwise, based on the same transactions or occurrences that are set forth in the Complaint, Amended Complaint, and Second Amended Complaint, ECF Nos. 1, 19, and 34.

15. Effective date: This Agreement becomes effective on the date the Court issues the Order referenced in Paragraph 2 above.

**IT IS SO ORDERED**. The Clerk of the Court is hereby directed to enter this Order, to provide copies to counsel, and **close** the file.

**DATED** this 22nd day of January 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER OF DISMISSAL** ~ 10